LOCAL 494 MUTUEL RACE TRACK EMPLOYEES OF RHODE ISLAND OF INTERNATIONAL HOD CARRIERS' BUILDING & COMMON LABORERS' UNION OF AMERICA, A.F. OF L.-C.I.O. *vs.* EDMUND KELLEY *et al., Being Rhode Island State Labor Relations Board.*

MAY 25, 1959.

PRESENT: Roberts, Paolino and Powers, JJ.

ROBERTS, J. This is a petition under the state labor relations act, general laws 1956, §28-7-16, wherein provision is made for the certification of bargaining agents for employee groups. In 1956 the petitioner filed with the board its petition for the holding of an election for the designation of such a bargaining agent for a group of race track employees. Section 28-7-16 provides in part "that the board shall not have authority to investigate any question or controversy between individuals or groups within the same labor organization or between labor organizations affiliated with the same parent labor organization." The board found that the petition concerned a dispute between two labor organizations affiliated with the same parent organization and dismissed the petition for want of jurisdiction.

The petitioner thereupon filed with the superior court its petition for a review of the decision of the board, alleging that it was aggrieved by such decision within the meaning of §28-7-29. A justice of the superior court denied and dismissed this petition for review on the ground that the decision was not a final decision within the meaning of that term as used in §28-7-29, and a decree was entered on May

16, 1958. From that decree petitioner has appealed to this court.

The petitioner argues that a decision of the board dismissing a petition for certification under §28-7-16 is a final decision reviewable by the superior court under the provisions of §28-7-29. It is clear that petitioner predicates this argument upon the proposition that what the board did in this case was to deny a petition for certification under the pertinent provision of §28-7-16.

If it were our opinion that the action of the board was in effect to decide the merits of the petition for certification, the decision would be "in the nature of an interlocutory decision * * *" as we said in *McGee* v. *Local 682, Brotherhood of Painters, Etc., A. F. of L.,* 70 R. I. 200, at page 210. Such decision in itself would not be reviewable by the superior court under the provisions of §28-7-29 because it lacks any element of finality.

However, we are of the opinion that the board limited its consideration to the question of its jurisdiction and disclaimed authority to proceed therein. Such decision has an element of finality and generally would be appealable. The question before us is whether the legislature in enacting §28-7-29 intended to provide therein for a review of decisions of the board other than those which it is given authority to make under the terms of the act.

In our opinion §28-7-29 was not intended to provide for a review by the superior court of every final decision or final order of the board. While the reference to unfair labor practices in the provision establishing venue does not limit the appellate jurisdiction conferred upon the superior court to cases involving such practices, it nevertheless indicates a legislative intent to limit an appeal thereunder to decisions made in controversies which the board is permitted to decide under the provisions of the act. Normally such controversies would arise by way of unfair labor practices.

It is our opinion that the appellate jurisdiction of the superior court conferred (by this section is limited to a review of questions which the board has been given specific authority to decide. Where the board decides that it is without jurisdiction, such decision is not one made in carrying out the objectives or purposes of the act. In our judgment the appellate provisions of §28-7-29 do not apply to such decisions. In instances of that kind the parties are relegated to such a nonstatutory method of review as is afforded, for example, by certiorari.

The appeal of the petitioner is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Edward I. Friedman, Aram K. Berberian,* for petitioner.

*Francis A. Manzi,* for respondent.